IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-0400 |
| TIMOTHY J. STEWART, et al. | ) |
| Defendants. | ) |

MEMORANDUM

Gary L. Lancaster,  January 9, 2012
Chief Judge.

This is a tax collection case. Plaintiff, the United States of America ("United States"), seeks a judgment based on assessments for federal income and employment taxes against defendants, Timothy J. Stewart, Debra L. Stewart, and Timothy J. Stewart, doing business as Stewart Sheet Metal. The United States also seeks foreclosure of federal tax liens arising from tax assessments, and judicial sale of Timothy J. Stewart's property to pay his tax liabilities.

The United States has filed a motion for summary judgment, arguing that defendants have not rebutted the government's prima facie case of tax liability established by certified copies of tax assessments. [Doc. No. 38]. Defendants

argue that the United States has not proven all the facts necessary to levy and foreclose upon a principal residence.

For the following reasons, the United States' motion for summary judgment will be granted.

I. BACKGROUND

Unless otherwise specifically indicated, the following material facts are undisputed.

A delegate of the Secretary of the Treasury of the United States made assessments against Timothy J. Stewart and Debra L. Stewart for individual income taxes owed for the tax years 1999-2004, 2006, and 2007. These assessments are shown on the Certificates of Assessments, Payments, and Other Specified Matters, Form 4340, attached to the declaration of Internal Revenue Service (IRS) Revenue Officer Advisor Brenda Williams-Downing. [Doc. No. 38-3]. Despite notices and demands for payment of the assessments, defendants failed to pay the full amounts due. Defendants owe $82,435.20 to the United States for unpaid income taxes, as of July 18, 2011, plus interest accruing after that date.

A delegate of the Secretary of the Treasury of the United States made assessments against Timothy J. Stewart, doing business as Stewart Sheet Metal, for employment taxes owed for the tax periods ending December 31, 2004, December 31, 2005, and

March 31, 2007 through March 31, 2008. These assessments are shown on the Certificates of Assessments, Payments, and Other Specified Matters, Form 4340, attached to the declaration of IRS Revenue Officer Advisor Brenda Williams-Downing. [Doc. No. 38-3]. Despite notices and demands for payment of the assessments, Mr. Stewart failed to pay the full amounts due. Mr. Stewart owes $23,096.30 to the United States for unpaid employment taxes, as of July 18, 2011, plus interest accruing after that date.

The United States filed notices of federal tax liens against defendants with the Washington County Prothonotary, in Washington County, Pennsylvania, on nine dates from April 15, 2003 to May 29, 2008. [Doc. Nos. 40, 38-7].

Mr. Stewart owns real property, located at 4345 State Route 40, Claysville, Pennsylvania ("the property"). The property, conveyed to Mr. Stewart by Calvin S. Stewart in 1985, is located in Buffalo Township, Washington County, Pennsylvania. The tax liens at issue attached to the property, where Mr. Stewart lives.

As required by 26 U.S.C. § 7403(b), the United States named as defendants the Commonwealth of Pennsylvania Department of Labor and Industry and the Commonwealth of Pennsylvania Department of Revenue, to permit each of them to claim any lienholder interest in the property. Default judgments were

granted with respect to these two defendants on September 13, 2010. [Doc. No. 21]. Therefore, the Commonwealth of Pennsylvania Department of Labor and Industry and the Commonwealth of Pennsylvania Department of Revenue have no claim to proceeds from a sale of the property.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of

record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law.

III. DISCUSSION

The United States asks the court to: (1) reduce the tax assessments on the record to judgment; (2) provide a judicial determination that the United States has valid and subsisting tax liens on all property and rights to property of Timothy J. Stewart; and (3) order the foreclosure of the federal tax liens and the judicial sale of the property located at 4345 State Route 40, Claysville, Pennsylvania. The court will address each of these issues in turn.

A. Judgment on Assessments

When the United States offers into evidence a certified copy of tax assessments, a presumption of correctness arises, placing both the burden of production and the burden of

persuasion upon the taxpayer. Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971).

Defendants do not contest the tax assessments made by the United States, and raise no genuine issues of material fact with respect to the assessments. [Doc. No. 42]. The court therefore will enter judgment in favor of the United States and against defendants, Timothy J. Stewart and Debra L. Stewart, in the amount of $82,435.20, plus interest accrued since July 18, 2011, for unpaid income taxes. The court will also enter judgment in favor of the United States and against defendant Timothy J. Stewart, doing business as Stewart Sheet Metal, in the amount of $23,096.30, plus interest accrued since July 18, 2011, for unpaid employment taxes.

B. Tax Liens

If a person liable to pay any tax refuses to pay after demand, a tax lien in favor of the United States attaches to all property and rights to property belonging to the person. 26 U.S.C. § 6321. The tax liens arise at the time the assessment is made. 26 U.S.C. § 6322.

Defendants do not contest the tax liens. [Doc. No. 42]. Tax liens arose on the dates of the assessments, attaching to all property and rights to property belonging to defendants. Therefore, the court determines that the United States has valid

and subsisting federal tax liens on all property and rights to property of Timothy J. Stewart and Debra L. Stewart, including Mr. Stewart's interest in the property in Claysville, Pennsylvania.

C.  Foreclosure and Judicial Sale

Under 26 U.S.C. § 7403, the United States may bring a civil action to enforce federal tax liens and "to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a).

Defendants argue that the United States has not thoroughly considered alternative collection methods, as required under 26 U.S.C. § 6331(j)(2)(D), before levy and sale of property. Defendants also argue that 26 U.S.C. § 6334(e)(1) sets additional restrictions on the levy and sale of the property, because it is a principal residence.

As an initial matter, the exemptions from levy set out in 26 U.S.C. §§ 6331 and 6334 do not apply to the United States' enforcement of tax liens under 26 U.S.C. § 7403. See United States v. Rodgers, 461 U.S. 677, 682-83 (1983)(describing the differences between an administrative levy and an enforcement proceeding under Section 7403); United States v. Hersperger, No. 09-1663, 2010 WL 1375372 at *2 (W.D. Pa. April 6, 2010). The

7

U.S. Court of Appeals for the Sixth Circuit described why levy exemptions are inapplicable to enforcement actions under Section 7403:

> An administrative levy . . . is a "provisional remedy," without judicial intervention, in which the Government seeks to secure quickly and inexpensively property to satisfy a tax deficiency. Although administrative recovery may be relatively quick and inexpensive, the IRS's powers to levy are limited by the exceptions in 26 U.S.C. § 6334. These exemptions make sense in an administrative proceeding, where no court has found that taxes are even due. Enforcement of a tax lien is another distinct mechanism for tax collection. Such a proceeding has different characteristics: it requires judicial intervention, but the lien created by 26 U.S.C. § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." The statute exempts certain property from a levy but not from a lien, and we decline to alter this allocation.

American Trust v. American Community Mut. Ins. Co., 142 F.3d 920, 925 (6th Cir. 1998)(citations omitted).

Although defendants' reliance on these exceptions is misplaced, the district court may nevertheless exercise limited equitable discretion in proceedings pursuant to 26 U.S.C. § 7403. Rodgers, 461 U.S. at 709-10. However, the court does not have "unbridled discretion" to refuse a forced sale; there are "virtually no circumstances . . . in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself."[1] Id.

---

[1] Although a forced sale should not be refused solely to protect the interests of the delinquent taxpayer, "a forced sale may . . . be temporarily postponed, or made subject to an upset price,

8

at 709.  In Rodgers, the Supreme Court set forth four factors for a district court to consider when determining whether to exercise its limited discretion under § 7403.  Id. at 710.  Each factor references a "third party" (i.e., an innocent co-owner) with a partial interest in the real property.[2]  Id. at 710-11.

The property at issue here is owned solely by Mr. Stewart, the delinquent taxpayer.  There is no innocent third-party ownership interest in the property.  Therefore, the court's discretion under Section 7403 is limited to whether justice requires any modification to the sale procedure, like a temporary postponement or a minimum sale price.  Id. at 710 n.39.  The court finds no evidence in the record that a temporary postponement or minimum sale price would provide a more just outcome for either party.  Therefore, the court will order the foreclosure of the tax liens, the sale of the property located at 4345 State Route 40, Claysville, Pennsylvania, and

---

in order to do justice in an individual case." Rodgers, 461 U.S. 677, 710 n.39.

[2] First, the court considers the extent to which the government's financial interest would be prejudiced if the forced sale was limited to the partial interest owned by the person liable for delinquent taxes.  Second, the court considers whether the third party had a legally recognized expectation (because of the type of property interest owned by the third party) that his or her separate property would not be subject to forced sale by the delinquent taxpayer or his creditors.  Third, the court should consider the likely prejudice to the third party, and fourth, the court should consider the relative value of the non-liable and liable interests held in the property.  Rodgers, 461 U.S. at 710-11.

9

the distribution of the proceeds of the sale, up to the amount of total tax liability, to the United States.

IV. CONCLUSION

For the foregoing reasons, the court will grant the United States' motion for summary judgment. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
        Plaintiff, )
)
    v. ) Civil Action No. 10-0400
)
TIMOTHY J. STEWART, et al. )
)
        Defendants. )

ORDER

AND NOW, this 9th day of January, 2012, having considered the United States' motion for summary judgment, and any opposition thereto, IT IS HEREBY ORDERED that the United States' motion for summary judgment [Doc. No. 38] is GRANTED;

IT IS FURTHER ORDERED that judgment is entered in favor of the United States, and against Timothy J. Stewart and Debra L. Stewart, in the amount of $82,435.20 plus interest accrued after July 18, 2011; and that judgment is entered in favor of the United States, and against Timothy J. Stewart, doing business as Stewart Sheet Metal, in the amount of $23,096.30 plus interest accrued after July 18, 2011;

IT IS FURTHER ORDERED that the United States has valid and subsisting federal tax liens on all property and rights to property of Timothy J. Stewart and Debra L. Stewart, including

Timothy J. Stewart's interest in property located at 4345 State Route 40, Claysville, Pennsylvania; and that the federal tax liens attaching to the property of Timothy J. Stewart be foreclosed and the property be sold, according to law, free and clear of any right, title lien, claim or interest of any of the defendants herein; and that the proceeds be distributed according to the relative priorities of the parties' claims.

The Clerk of Court is ordered to mark this case CLOSED.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record